## HARRISON v. CITY OF TAMPA.

(District Court, S. D. Florida. January 19, 1918.)

1. MUNICIPAL CORPORATIONS ⬥354—SEWER CONTRACTS—ACTIONS—VALIDITY.

Where the original contract for the construction of a sewer, which was valid, authorized modifications, and they were made pursuant to that clause, failure of the municipality to advertise the modifications did not render the contract as modified invalid, and hence a plea in an action on the contract as modified, setting up that the modifications were invalid because made without advertisement, is defective, and subject to demurrer.

2. CONTRACTS ⬥237(2)—CONSIDERATION—MODIFICATION.

Where there was ample consideration to sustain the original contract, and the contract authorized modifications by the parties, a modification for the purpose of facilitating the work under the contract is not subject to attack on the ground that it was unsupported by a consideration; the original consideration extending to the modification.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. MUNICIPAL CORPORATIONS ☞374(3)—CONTRACT—BREACH—EFFECT.

While a party to a contract may abrogate it upon breach by the other party, or may waive the breach and proceed with the execution, he cannot waive the breach and afterwards base an abrogation upon it; and hence, where plaintiff, having begun the construction of a sewer, ceased operations and sued for the value of work done and materials furnished, on the ground that defendant, the municipality, broke its contract, a plea setting up plaintiff's continuance of the work after defendant's commission of the alleged breach states a good defense.

4. CONTRACTS ☞338(1)—ACTION FOR BREACH—PLEAS—DEMURRER.

Pleas in an action on contract, which fail to negative all of the breaches alleged, are subject to demurrer, not being defenses to the whole declaration.

5. PLEADING ☞364(6)—MOTIONS TO STRIKE—PROPRIETY.

Any portion of a pleading which is surplusage, or tends to prejudice a fair trial of the action by making immaterial issues of fact for trial by the jury, should be stricken, when the same is called to the court's attention.

At Law. Action by Louis B. Harrison against the City of Tampa, a municipal corporation. On demurrers and motion to strike certain of the defendant's pleas, together with motion by defendant to strike portions of the declaration. Demurrers and motions to strike in part sustained.

Howard P. Macfarlane and N. B. K. Pettingill, both of Tampa, Fla., for plaintiff.

John P. Wall and C. B. Parkhill, both of Tampa, Fla., for defendant.

CALL, District Judge. The plaintiff in his declaration sues for damages caused by an alleged breach of contract on the part of the defendant. The case made by the declaration may be succinctly stated as follows:

The defendant, after due advertisement, let a contract for sewer construction in three sections, as theretofore planned, to a firm, who subsequently with the consent of the defendant assigned the contract for sewer construction in two of these sections to the plaintiff, and thereupon the plaintiff and the defendant entered into a contract for such construction, containing the same terms as the contract with the original contractor would have, had it been entered into with them. This contract provided for progress payments on certificates of the engineer of the amount of work done of 80 per cent. After commencing work upon the construction, under a provision of the contract, these progress payments were by written agreement increased from 80 per cent. to 90 per cent., and it was further agreed that 90 per cent. of the value of all iron pipe delivered, whether laid or not, should be paid. Defendant breached this contract as modified, first by the arbitrary refusal of the engineer to certify the full amount of the work performed and iron pipe delivered, and the arbitrary refusal of defendant's board of commissioners to pay for same. Other breaches set up are that defendant on certain days refused to make progress payments in cash, but insisted upon the plaintiff accepting written promises to pay; that defendant modified its written contract with the original contractors, thereby changing the progress payments from

semimonthly to monthly payments, and thereafter insisted that this modification applied to plaintiff, and refused to make payments, except monthly. The written promises accepted in lieu of cash were to be paid out of the first available funds coming to the board, yet the board failed to so use the first available funds. In consequence of these breaches the plaintiff, after notice, on August 19, 1914, declared the contract abrogated, and sues in the first count for the full value of work done and materials furnished, including the value of iron pipe delivered, in the second count for damages suffered by reason of the forced abrogation of the contract, in the third count for extra work required to be done by the engineer, in the fourth count for certain drayage, and in the fifth count for interest on the several amounts demanded in the first, second, third, and fourth counts.

To the first, second, and fifth counts the defendant interposed eight pleas. A motion is made by the plaintiff to strike the fourth of these pleas, which motion will be granted.

[1] The first plea alleges as a defense that the modification of the contract by which the progress payments were increased to 90 per cent., instead of 80 per cent., and providing for the payment of 90 per cent. of the value of iron pipe delivered, was not made in conformity to the charter provisions as to advertisements, etc., and is therefore void; that on the day the plaintiff undertook to abrogate the said contract certificates had been made and 80 per cent. paid. It then goes further, negativing certain of the breaches, and setting up waiver of other breaches. This plea is attacked by demurrer and motion for compulsory amendment.

If this modification of the original contract is void under the circumstances stated in the pleas, the pleas are not susceptible to the motion to strike or the demurrer. There is no contention that the original contract was not duly advertised. This original contract provided that the same might be modified as the work progressed. The declaration alleges this modification was made pursuant to this clause, and the plea does not negative this allegation, nor does it state facts showing fraud in the original advertisement, nor in the contract modified. I am of opinion that the failure to advertise the modification is not a violation of the charter provisions and does not avoid the modification. The suit is upon the contract as modified, and therefore the first plea is amenable to the demurrer.

[2] The second plea alleges that the modification was without consideration, and therefore void, because it was made solely for the benefit of the plaintiff, and without any advantage to the defendant, and not for a valuable consideration; the other allegations being virtually the same as in the first plea as to the breaches alleged. This plea is also attacked by demurrer and motion for compulsory amendment. The question, therefore, to be decided upon this plea, is: Do these allegations of the plea show that the modification is nudum pactum and unenforceable? I do not think so. The consideration for the original contract is unquestioned. The parties under its terms had a right to modify as provided therein as the work progressed, and it was deemed advisable by the parties to make this change. I do not

think, under these circumstances, a new and independent consideration was required to support the modification. The contract as modified was supported by the original consideration. The demurrer to the second plea will be sustained.

[3] The third plea alleges that the contract provided that, in order to prevent disputes and litigation, the engineers shall determine the amount of the several kinds of work which are to be paid for, and the board shall determine all questions in relation to said work which may arise in relation to the execution of the contract. Such estimates and decision shall be final and conclusive, and in case any question shall arise shall be a condition precedent to the right of the contractor to receive any money under said contract. It then alleges that prior to the attempted abrogation the defendant had paid to the plaintiff more than 90 per cent. of the engineer's estimate of work performed, materials furnished, and iron pipe delivered, and that said estimates included all work done, etc. It then proceeds, after negativing certain breaches, and alleges that, after the acceptance of the promises to pay in lieu of cash, the plaintiff continued the execution of the work and received payments under the contract.

A demurrer was interposed to this plea on the ground that all the breaches are not negatived, and the facts set up do not show a waiver of the breaches. A motion is also made to strike out certain portions of this plea. If this motion to strike out the portions of the plea attacked by the motion should be granted, the plea would be demurrable. I therefore take up that motion first.

After carefully considering those portions of the plea attacked by the motion, I am of opinion that they are material to the proper decision of the issues between the parties. The plaintiff in this case elected to abrogate the contract on August 18th, and bring his suit for work done, materials furnished, and damages resulting to him. I recognize that upon the breach of a contract by one party the other may continue the work, and is not precluded from claiming any damages such breach may have occasioned him. But that is not this case. I do not recognize any principle by which one party to a contract, after a breach by the other party, may continue acting under such contract to some future time, and then abrogate the contract by reason of such former breach; and that is the case made if the allegations of the plea are true. As I understand the law, one party to a contract may abrogate it upon a breach of said contract by the other, or he may waive such breach and proceed with the execution of the contract. He must do one or the other. He cannot waive the breach and afterwards declare an abrogation upon such waived breach. The motion for compulsory amendment will be denied. The demurrer will also be overruled.

The defendant, in addition to the pleas above noticed, filed three additional pleas to the first and second counts to which those were pleaded, and one additional to the fifth count. Motions to strike, for compulsory amendment, and demurrers were filed to all these pleas.

[4] The first and second additional pleas to the first and second counts fail to negative the third additional breach alleged in the declaration, and, not doing so, are not defenses to the whole declaration, and

are therefore amenable to the demurrer. The third additional plea in my judgment does negative all the breaches, or pleads a waiver to those not negatived. The motions to strike and for compulsory amendment and the demurrer will therefore be overruled.

To the fifth count the defendant pleaded one additional plea, which is in effect the plea of nil debet, which is forbidden by the rules of court. Rule 68, Supreme Court Rules in Common-Law Actions. However, no motion is made to strike said plea, but a motion for compulsory amendment, by striking therefrom certain words incorporated by reference to other pleas. This motion will be granted.

The demurrers to the first and second pleas to the third count and the first and second pleas to the fourth count will be sustained. The incorporation of the allegations of the first and second additional pleas add no strength, but incorporate the weakness of said additional pleas and make them demurrable.

The demurrers to the third plea to the third and fourth counts will be overruled, and the motions denied.

[5] On November 24th defendant filed a motion to strike certain portions of the declaration, being subdivisions A, B, and C of paragraph 6 of the declaration, being the additional breaches alleged. I am of opinion that the court should strike any portion of a pleading which is surplusage, or tends to prejudice a fair trial of the action, by making immaterial issues of fact for trial by the jury, when the same is called to its attention. Subdivisions B and C of paragraph 6 of the declaration fall under this head. Subdivision B happened prior to the attempted abrogation, and the written promises accepted in lieu of cash, which the plaintiff could have then demanded, and, upon refusal to pay by the defendant, abandoned his contract and brought suit. He did not do this, but accepted them under protest. This I do not think helps him. The motion to strike subdivisions B and C of paragraph 6 will be granted. The motion to strike subdivision A of said paragraph will be denied.

I have considered the pleadings and files as of the time of filing the same. The granting of the defendant's motion to strike certain portions of the declaration will necessitate a reformation of the pleas now standing in that regard.