JONESBORO–NETTLETON ROAD IMPROVEMENT DIST. v. KLYCE et al.

(Circuit Court of Appeals, Eighth Circuit. November 12, 1926.)

No. 7220.

1. **Appeal and error** ⟷850(1)—**Findings of lower court on facts are conclusive, in absence of request for specific findings or exceptions to rulings.**

Findings of lower court on facts are conclusive, in absence of request at conclusion of trial for specific findings, or of exceptions taken to ruling or findings of court on facts.

2. **Highways** ⟷113(3)—**Substituted contract on state highway printed form for engineering work in construction of road providing different compensation and penalty for unreasonable delay, held supported by valid consideration and in force.**

Where engineers contracted with road improvement district for engineering work in construction of road, substituted contract on printed form of highway department *held* in force and supported by valid consideration, since there was agreement for different rate of compensation and for penalty in case of unreasonable delay.

3. **Contracts** ⟷236—**Parties to unperformed contract may modify it, if it is not thereby made illegal, or violative of·public policy.**

Parties to unperformed contract may by mutual consent modify it, by altering or adding provisions, providing the modifications do not make it illegal or violative of public policy.

4. **Highways** ⟷113(5)—**Statutory bond, given by engineers contracting for road work, treated as being in force after making substituted contract, held sufficient.**

Statutory bond, furnished by engineers contracting for engineering work in construction of road, treated by parties as being in force after substitution of contract on state highway printed form, *held* sufficient, without necessity of re-execution.

5. **Highways** ⟷113(5)—**Validity of bond filed by engineers contracting for road work cannot be questioned after substantial performance.**

After substantial performance by both parties to contract for engineering work in construction of road, question of validity of bond filed by parties to contract cannot be raised.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Suit by B. H. Klyce and another, a partnership, against the Jonesboro-Nettleton Road Improvement District. Judgment for plaintiffs, and defendant brings error. Affirmed.

Robert E. Fuhr, of Jonesboro, Ark. (H. M. Cooley and Arthur L. Adams, both of Jonesboro, Ark., on the brief), for plaintiff in error.

Basil Baker, of Jonesboro, Ark., for defendants in error.

Before STONE and LEWIS, Circuit Judges; and SYMES, District Judge.

SYMES, District Judge. The Jonesboro-Nettleton road improvement district, organized under the laws of Arkansas, employed defendants in error, Klyce & Kackley, a partnership, as district engineers to do the engineering work in and about the construction of an improved road to be built by a contractor. This employment was first evidenced by an agreement referred to as the typewritten contract, dated July 15, 1917. A few months later another contract, on a printed form furnished by the state highway department, was entered into between the parties as of the same date.

These two instruments differed in the following particulars: Under the first the compensation to be paid the engineers was 5 per cent. of the actual construction cost of all improvements made by the first party. This was changed to 5 per cent. of the costs, as aforesaid, up to $1,000,000 and 4 per cent. on all such costs in excess thereof. Further, the second or printed form contained two entirely new clauses, providing that, in the event the letting of the construction contracts was delayed more than 90 days beyond the date of the agreement, the first party should make a partial payment to the engineers to cover the costs that they would be put to for preliminary surveys, plans, etc., and that the engineers should be paid $25 a day, in addition to other compensation provided for, for every day that the work, which the engineers were to supervise, was not completed within

the time called for by the contract between the district and its contractor.

This suit is to recover penalties alleged to be due under the latter clause. The district defended on the ground that the printed contract was invalid for want of consideration, and on the further ground that the contract provided it should not become binding until the engineers furnished a bond of $2,000, which the district claimed has not been complied with. Plaintiff included other items in its complaint that are not properly before us. The case was tried to the court; a jury having been waived by a stipulation providing that it be submitted to the court sitting as a jury.

The typewritten contract was never approved by the state highway commission, while the second was. The plaintiff Klyce testified that the printed contract was brought to them by an employee of the state highway department, who "was very anxious that the district receive its federal aid, and came to see that all formalities and necessary papers were signed." And it was accordingly executed by both parties.

A Mr. Kays, a member of the board of commissioners of the road district at the time the contract was entered into, said that it was represented to the board that it was necessary to have the contract on the form required by the highway department, and approved by the federal department; further, that "we should sign a contract of this character in order to get the approval of the federal and state highway department."

The act of the state of Arkansas accepting federal aid for the construction of rural roads gives the state highway department power to determine the conditions under which road improvement districts shall receive advances of state and federal road funds. A proper bond was filed at the time the first contract was signed, and never canceled, and no additional bond was furnished when the second contract was executed.

The lower court found that the printed or second contract was the one in force; that the bond executed complied with all requirements, and that the liability of the sureties thereon was in no wise affected by the substitution of the latter agreement. It was also evidently of the opinion that the question of the bond was not material, as no default had occurred.

[1] Most of the testimony was taken by deposition. No motions were made at the conclusion of the trial for specific findings in favor of the defendants, etc., nor were exceptions taken to the rulings or findings of the court on the facts. According to the rule in Allen, Collector, v. Cartan & Jeffrey Co., 7 F.(2d) 21 (C. C. A. 8th Cir.), the findings of the lower court on the facts are conclusive, unless a request is made to the trial court, before the close of the trial, "that it adjudge, on the specific ground that there was no substantial evidence to sustain any other conclusion, either all the issues or some specific issue in favor of the requesting party." The same case also held that in an action at law tried to the court, where the court makes findings of fact, the action of the lower court cannot be reversed for any error of fact.

[2] Aside from that, however, it would seem that the lower court was right in deciding that the so-called printed contract was supported by valid consideration. In the second contract the engineers agreed to a different rate of compensation, which in the event the costs ran over $1,000,000, would give them less than they were to get under the first, while the district, in exchange for this, agreed to pay something to the engineers on account in the event the letting of contracts was unreasonably delayed, and also to pay them an additional sum if the work was unduly delayed.

[3] All these changes, together with the desire to obtain federal aid, were matters of material benefit to both parties. We think the lower court was justified on all the evidence in finding that the minds of the parties met when the new contract was signed, and that it was thereafter, in the performance of the work, treated as being in force. The following statement found in 13 C. J. p. 589, supported by ample authority, applies: "Parties to an unperformed contract may, by mutual consent, modify it by altering, or adding provisions, provided the modifications do not make it illegal or violative of public policy." Also the statement, on page 355 of the same volume, to the effect that a consideration for a new contract between the same parties is good if it contains something which was not either expressly or impliedly a part of the subsisting contract, or was not contemplated by the parties as falling within its provisions.

[4, 5] The only other point seriously urged in appellant's brief is that the court erred in holding that the bond given under the first contract was a compliance with the condition precedent of the second contract respecting a bond. It is undisputed that the bond was a proper one, and was treated as being in force by the parties. It was not objected to, and, being one required by stat-

ute, we see no reason why it was necessary to the validity of the second contract to have it reexecuted. The district did not require a new bond, and if its conduct released the surety it cannot complain. Further, both parties having substantially performed, it is now too late to raise this question.

We are of the opinion that the judgment should be affirmed; and it is so ordered.