**YOUNG et al. v. DE VITO et al.**

**No. 569.**

Municipal Court of Appeals for the District of Columbia.

Dec. 23, 1947.

Rehearing Denied Jan. 19, 1948.

Harry S. Boteler, Jr., of Washington, D. C. (Robert H. Driskill, of Washington, D. C., on the brief), for appellants.

Charles E. Ford, of Washington, D. C. (H. Clifford Allder, of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiffs, licensed real estate and business chance brokers, sued defendants, owners of a restaurant, for a commission claimed to be due in connection with an attempted sale of the restaurant business. At the conclusion of plaintiffs' case, the trial court directed a verdict for defendants and plaintiffs appeal.

Defendants did not own the building in which the restaurant is located, and the entire controversy involves the lease on such premises held by defendants from their landlord. In the written listing for the sale of the business given by defendants to plaintiffs the lease was described as one for four years, although the testimony at the trial showed defendants actually held an unexpired lease for 1½ years at $125 a month, with an option for renewal for two additional years at $130 a month, thus giving them the right to occupy the premises for a total of 3½ additional years. The listing also included the terms of sale and gave to plaintiffs the exclusive right to sell for thirty days. In addition to authorizing plaintiffs to find a purchaser on the prescribed terms, the listing also provided plaintiffs would be entitled to their commission of 10% if a buyer were found on any other terms acceptable to defendants.

No buyer was produced by plaintiffs within the thirty-day period of the exclusive listing, but a few days later plaintiffs produced a written sales contract signed by one Edward Myles as purchaser. This contract complied with the terms of the listing with the vital exception that in addition to the existing 3½ years' lease it called for an option to extend such lease for an additional five years at $150 a month. This contract was signed by defendants.

The sale, however, was not consummated because defendants did not have their landlord's authority to deliver the five-year option called for in the sales agreement. According to the testimony of one of plaintiffs, defendants urged his firm to obtain the necessary consent from the landlord to a lease upon the terms contained in the prospective buyer's offer with the result that, more than a month after the sales contract was signed, the landlord of the premises wrote plaintiffs stating that he would agree "to a five-year lease, at a rental of $175 per month" if the sale were consummated to the proposed purchaser. This offer from the landlord was never accepted by the prospective purchaser. He stated at the trial that he had been at all times ready, willing and able to buy the business on the terms set forth in the written contract. He was also asked if he was ready, willing and able to buy the business without the option for the additional lease, but an objection to this question was sustained by the trial court. Without any acceptance from the proposed purchaser of the offer from the landlord, plaintiffs' salesman communicated such offer to defendants, who, according to the salesman's testimony, then for the first time refused to make the sale.

Plaintiffs assigned as error the ruling of the trial court sustaining an objection to the question to the prospective buyer whether he was ready, willing and able at all times to purchase the business without the five-year option; also the' directing of a verdict for defendants at the conclusion of plaintiffs' case; and also a ruling by the trial court that the sales contract signed by both parties was void because plaintiffs knew that defendants could not·deliver the lease option called for by such contract.

We believe the trial court was in error in holding that the contract between defendants and the prospective purchaser was void. The mere fact that a person does not own what he contracts to sell does not render such a contract void. It may form the basis of a suit for damages by the purchaser if it is not performed. We also believe, however, that such ruling was immaterial and therefore harmless because the only inference which can reasonably be drawn from the testimony is that defendants, with the knowledge and acquiescence of plaintiffs, signed the contract in the expectation that plaintiffs would persuade the landlord to give a lease conforming to the contract, that is, a lease for 3½ years plus an option for an additional five years.

This expectation was never realized. Plaintiffs, instead, long after the expiration

of the listing, succeeded in obtaining from the landlord an offer of a lease for a total of only five years in lieu of the total of 8½ years called for by the sales agreement and at a higher monthly rental than offered by the prospective buyer. Furthermore, there was no evidence that this offer of a five-year lease was ever accepted by the prospective purchaser. It results therefore, taking the evidence produced by plaintiffs in the light most favorable to them, that plaintiffs never produced a buyer ready, willing and able to purchase on the terms contained in the listing agreement; neither did they negotiate an enforceable contract upon terms acceptable to defendants.

The time for the listing having expired and plaintiffs having failed in their efforts to consummate an enforceable contract, defendants had the right to end the negotiations.[1] In consequence plaintiffs did not establish a case for recovery, and the trial court was clearly correct in directing a verdict for defendants. We also hold that the trial court ruled correctly in sustaining the objection to the question asked of the prospective purchaser as to whether he had always been ready, willing and able to purchase the business without the five-year option contained in his written offer. No claim was made that either plaintiffs or defendanats were notified of any such change in the purchaser's position. Assuming that the purchaser would have answered the question affirmatively, such a verbal statement made during the trial, contradicting the purchaser's written offer and never communicated to plaintiffs or defendants, would have come too late and clearly would not have formed a basis for a recovery by plaintiffs.

Affirmed.

### On Motion for Rehearing

Appellants have filed a motion for rehearing based upon four points:

(1) Appellants urge the inaccuracy of the following statement contained on the second page of our previous opinion herein:

"No buyer was produced by plaintiffs within the thirty-day period of the exclusive listing, but a few days later plaintiffs produced a written sales contract signed by one Edward Myles as purchaser."

This was not a correct statement. The sentence should be changed to read as follows:

"No buyer upon the terms of the exclusive listing was produced by plaintiffs, but a few days after the date of the listing plaintiffs produced a written sales contract signed by one Edward Myles as purchaser."

Such change has no effect upon the result of the decision.

(2) Appellants also complain that in two places in our previous opinion the statement was made, speaking of the offer of the landlord to make a five-year lease at $175 a month, that this offer from the landlord was never accepted by the prospective purchaser. Appellants call attention to testimony of one of the brokers at the trial that such offer of the landlord was "acceptable" to Myles, the prospective purchaser. Obviously such a statement is not the same as saying that the offer was actually accepted, and even this witness did not say that its acceptability was ever communicated to defendants. Myles, when testifying, did not state that he had ever accepted the landlord's offer or that it was acceptable to him.

(3) Counsel for appellants state that they "are informed that subsequent to submission of the appeal to this court on November 10, 1947, the prospective purchaser has actually arranged with appellees to acquire the said business." Assuming the statement to be true, it is clear that any such agreement, subsequent to trial, and subsequent to submission of the case on appeal, could not affect the decision of this court in this case. Whether such acceptance would give appellants the right to file another suit is a question upon which we do not comment at this time.

(4) We do not deem it necessary to discuss the other point raised by appellants.

The motion for a rehearing is denied.

---

[1] Moore v. Burke, D.C.Mun.App., 45 A.2d 285; see also the Annotation in 26 A.L.R., beginning at p. 784.