## NICKEL v. SCOTT.
### No. 589.

Municipal Court of Appeals for the
District of Columbia.

May 14, 1948.

Rehearing Denied May 28, 1948.

Arthur F. Carroll, Jr., of Washington, D. C., for appellant.

Joseph A. McMenamin, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate judges.

CAYTON, Chief Judge.

This was a suit to recover a real estate selling commission of $1,250. From a judgment for defendant based upon a jury verdict, plaintiff appeals.

The evidence disclosed that in October 1945 defendant signed an agreemeent giving plaintiff the exclusive right to sell her property "for a period of 90 days from the date hereof, then longer, unless revoked in writing by me/us." The sale price named in the listing agreement was $25,-000 net, with a commission of $1,250 payable to plaintiff above that amount (that is to say, the commission to be added would bring the gross selling price to $26,250).

Plaintiff offered evidence that a contract in accordance with these terms,

signed by a prospective purchaser, was presented to defendant by plaintiff's representatives on April 17, 1946; that on that date his authority to sell was in existence and had not been revoked. Defendant's evidence was to the effect that she signed the listing agreement at the request of a Mr. Ruby Downs, an agent of plaintiff, and had dealt only with him; that in late March or early April 1946, she had discussed with Downs the fact that the 90-day exclusive agreement had expired and that since no purchaser had been produced she said, "Well, let's take it off the books," to which Downs replied that "that was all right"; also that she had told Downs, "Well, then, I think we had better take it off the market. Will that be all right with you?" To which he replied, "Well, yes." The jury had a right to believe this evidence and to conclude therefrom that at the time the sales contract was presented to the owner no brokerage agreement was in existence. Hence there is no basis for appellant's charge that the verdict was contrary to the evidence.

■■ No more merit is there to his claim that the verdict was contrary to law. He argues the familiar rule that a broker who presents a contract offer from a purchaser, ready, willing and able to buy on the terms authorized by his principal is entitled to a commission. But the weakness of his position is that at the time he presented the contract according to the evidence which the jury seemingly believed, his employment had been terminated.

■■ Appellant urges, however, that the owner had no right to terminate the contract. We cannot agree with this contention. If the continuation of the listing after the original 90-day exclusive period be viewed merely as an extension of an offer to enter into a unilateral contract, clearly the owner had the right to revoke her offer.[1]

■■ If the 90-day exclusive sale period be viewed as a contract, with the continuation of the listing as one of its terms, then the oral agreement, testified to by the owner, operated to rescind the written contract. It is well settled that a written contract may be modified, rescinded or discharged by subsequent oral agreement; also that an express stipulation against oral modification is no bar to the parties' right to contract anew on the subject, since such stipulation like any other term of the contract may be rescinded.[2]

Next appellant argues that the trial court committed error in overruling his motion for new trial and his motion for judgment notwithstanding the verdict.

■■ As to the motion for new trial it has been held over and over again that action thereon is in the discretion of the trial judge, whose ruling will not be reversed except for a clear abuse of discretion.[3] No such abuse is shown here.

■■ As to the refusal to grant his motion for judgment notwithstanding the verdict appellant's position is still weaker. Such motion cannot be granted unless as a matter of law the party against whom it is directed has at the trial so far failed to make a case that a verdict should have been directed against him.[4] Moreover, Under Municipal Court Rule 46 such a motion can only be entertained by the court when the party making the motion has at the trial moved for a directed verdict. This rule was adapted from Rule 50(b), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, and the fed-

[1] Young v. De Vito, D.C.Mun.App., 56 A.2d 558; Moore v. Burke, D.C.Mun. App., 45 A.2d 285. See also Annotation in 26 A.L.R. 784.

[2] Cumberland Hydraulic Cement & Manufacturing Co. v. Wheatley, 9 App. D.C. 334; Lawrence v. Keokuk Steel Casting Co., 10 Cir., 162 F.2d 929; Rand v. Helvering, 8 Cir., 116 F.2d 929; Grand Trunk Western R. Co. v. H. W. Nelson Co., 6 Cir., 116 F.2d 823, rehearing denied 6 Cir., 118 F.2d 252; Willis-

ton on Contracts, Rev.Ed., Vol. 2, Sec. 591, and Vol. 6, Sec. 1826 and 1828; Restatement, Contracts, Sec. 407.

[3] Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; Ruppert v. Ruppert, 77 U.S. App.D.C. 65, 134 F.2d 497; Hoover v. Babcock, D.C.Mun.App., 53 A.2d 591.

[4] Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147; McSweeney v. Wilson, D.C.Mun.App., 48 A.2d 469.

eral cases hold that one who, like this appellant, has failed to move for a directed verdict, has by the omission lost his right to demand a judgment n. o. v.[5] "Failure to interpose a motion for a directed verdict at the close of all of the testimony and secure a ruling thereon precludes defendant from questioning here the sufficiency of the evidence."[6] In this case the plaintiff went to the jury without challenging the sufficiency of the evidence. It is too late to challenge it on appeal by assigning as error the refusal to grant a judgment notwithstanding the verdict.

Affirmed.

---

5 Minnehaha County, S. D. v. Kelley, 8 Cir., 150 F.2d 356, 359; Hawkins v. Sims, 4 Cir., 137 F.2d 66; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350; Baten v. Kirby Lumber Corp., 5 Cir., 103 F.2d 272. See also Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 57 S.Ct. 809; 81 L.Ed. 1177.

6 Minnehaha County, S. D. v. Kelley, supra, note 5.