## LAURENT v. COSTA.

No. 664.

Municipal Court of Appeals for the

District of Columbia.

Nov. 5, 1948.

Richard L. Merrick, of Washington, D. C., for appellant.

Elmer E. Cummins and Charles H. Quimby both of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

On September 11, 1947, defendant Suzanne Laurent accepted a deposit of $500 from plaintiff on account of rent of her home, with the understanding that she would have certain painting, decorating and other work done to prepare it for plaintiff's occupancy. Claiming that defendant had breached her agreement plaintiff sued her for the return of his deposit and also for other items of damage allegedly resulting from such breach. The jury awarded plaintiff $878 and defendant appeals.

We think the judgment must be reversed because of error in eliminating from the case and withholding from the

consideration of the jury certain evidence relating to a supplementary agreement which defendant claimed she had with plaintiff to extend the time for completion of painting, etc., by her.

According to plaintiff the original agreement, made when he paid the $500 deposit on September 11, was that defendant would have the house ready for his occupancy on October 1. Defendant's version of that agreement was that she did not agree to give possession on October 1, but that she told plaintiff the work would take at least a month and that plaintiff agreed, urging her "to have the house ready as soon as possible."

On October 7 plaintiff wrote defendant demanding a definite understanding as to when the house would be ready for him. Defendant claimed then and at the trial that despite her strenuous efforts to get artisans in to do the work she had not been able to do so. Approximately October 20 the parties met at defendant's home. Present with them were a friend of plaintiff and also a real estate broker whose aid defendant had enlisted to expedite the work and who had undertaken to do so.

At that conference, according to testimony for defendant, it was agreed that the broker would assist in getting the work done promptly and that plaintiff would accept the property provided the work on the interior of the house was finished by November 1, and that the painting of the exterior would be done later. This was contradicted by plaintiff's testimony.

The trial judge ruled out this alleged agreement on the ground "that there was not sufficient additional consideration" to make it effective. At the outset of his charge he told the jury that the new contract could not be considered and that they could only consider the original agreement of September 11. This, as we have said, was error; and the effect of it was to deprive defendant of a basic ground of valid defense.

■ There is no question that parties may modify an existing contract and by mutual agreement substitute new terms for old.[1] The parol evidence rule is not involved here because aside from plaintiff's check and defendant's receipt (which did not express the terms of the contract) the original agreement was entirely verbal.

■ We think it was error to rule that the new agreement was not supported by "sufficient additional consideration." Earlier in the trial the trial judge himself pointed out, in overruling plaintiff's motion to strike the testimony as to the new agreement, that consideration was present "and a promise for a promise does represent a consideration." At a later session he reserved ruling on the question and then at the close of the case, though defendant's version of the new agreement had in the meantime been clarified and strengthened by additional testimony, he ruled out the new agreement entirely. We mention this not to criticize the manner in which it was handled but to indicate that the final ruling was incorrect.

■ It has been held that with reference to an executory contract (as this one plainly was) the time of performance may be extended without any consideration other than the mutual consent of the parties[2] and that the original consideration extends over and supports the modified or extended contract.[3] It should be noted that the new agreement in this case involved more than a mere extension of time.[4] Here, according to defendant's evi-

[1] Teal v. Bilby, 123 U.S. 572, 8 S.Ct. 239, 31 L.Ed. 263; Cumberland Hydraulic Mfg. Co. v. Wheatley, 9 App.D.C. 334; Jonesboro-Nettleton Road Improvement Dist. v. Klyce, 8 Cir., 15 F.2d 918; Hercules Powder Co. v. Harry T. Campbell Sons Co., 156 Md. 346, 144 A. 510, 62 A.L.R. 1497; Nickel v. Scott, D.C.Mun. App., 59 A.2d 206.

[2] Price v. Price, 24 Cal.App.2d 462, 75 P.2d 655; Personal Finance Co. of Lincoln v. Hynes, 130 Neb. 547, 265 N.W. 541; Middlesex Concrete Products & Excavating Corp. v. Northern States Imp. Co., 129 N.J.Eq. 314, 19 A.2d 48; E. L. Stoddard & Son v. Village of North Troy, 102 Vt. 462, 150 A. 148.

[3] Harrison v. City of Tampa, D.C.S.D. Fla., 247 F. 569; Inman v. W. E. Roche Fruit Co., 162 Wash. 235, 298 P. 342; Gertner v. Limon Nat. Bank, 82 Colo. 13, 257 P. 247.

[4] Jackson v. Fuller, 66 App.D.C. 239, 85 F.2d 816.

dence, the parties resurveyed the situation in its entirety and negotiated wholly new terms of performance. The evidence was in such a confused state as to the original agreement of September 11, that the jury might have found that there had then been no definite agreement as to the date of occupancy and that it was not until the conference of October 20, that a date and other final terms were really agreed to. This is another reason we think it was incorrect to pivot the whole case on the first agreement.

▮ We shall briefly discuss two other points which may arise again on the retrial of the case. One involves the claim that the trial judge should not have admitted testimony by the General Counsel for the Rent Administrator as to the condition in which he found the property in May 1947 and as to an order of the Administrator issued the following month fixing the rent ceiling at $125 per month. The evidence as to the condition of the property was admissible, though it was based on an inspection made some five months before the transaction between these parties. Like other evidence of this type it was subject to contradiction or explanation or a showing that the conditions had changed; but it was admissible. The testimony as to the rent ceiling fixed by the Administrator was admissible in connection with plaintiff's claim of overcharge. It would not of course preclude defendant from showing, if she could, that the ceiling no longer applied when she accepted plaintiff's deposit in October, because of changes converting the premises into new housing accommodations. The trial judge was correct in admitting this evidence.

▮ In another assignment defendant questions the propriety of permitting her counsel to withdraw her counterclaim over her objection. This came about at the instance of the trial judge who suggested to counsel that plaintiff agree to withdraw his claim for overcharges and that defendant agree to withdraw her counterclaim covering expenditures for repairs. Counsel apparently agreed, and when the judge outlined this stipulation to the jury he said, "Is

that correct, gentlemen?" Defendant immediately said, "Oh, no." But her counsel joined plaintiff's counsel in saying, "That is correct, Your Honor" and the judge responded, "Very well. The stipulation will be received." We think that under these circumstances the stipulation ought not to bind the defendant. This was no mere casual concession made to expedite matters in the course of a trial. It was a complete withdrawal or dismissal of a counterclaim for $1214.15 (less plaintiff's $500 deposit). Her counsel should not have been permitted to take such action over her protest.

Reversed with instructions to award a new trial.