[No. 16974.    Department Two.    May 23, 1922.]

LUCY BARTON, *Appellant,* v. VITO TOMBARI *et al.,*
*Respondents.*[1]

ATTORNEY AND CLIENT (27)—AUTHORITY TO COMPROMISE SUIT—
RESCISSION OF CONTRACT FOR LAND—EVIDENCE—SUFFICIENCY.    An at-
torney for defendant vendors, in an action to rescind a contract for
fraud, has no power, in the absence of express authority, to sacrifice
practically the entire subject-matter by a compromise consenting to
a surrender of the premises and the cancellation of the contract
whereby the vendor would lose the unpaid installments and perhaps
admit liability for repayment of the sums paid.

VENDOR AND PURCHASER (143)—REMEDIES OF VENDOR—LIEN—FORE-
CLOSURE—RIGHT TO DEFICIENCY JUDGMENT.    Upon foreclosure of ven-
dor's lien for unpaid instalments under a contract which did not
authorize a forfeiture for defaults, there is no statute authorizing,
and it is error to award, a personal judgment for the amount of the
unpaid instalments (the vendor's cross-complaint for foreclosure in
this case making no demand for a personal judgment).

HOLCOMB, J., dissents.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered May 24, 1921,
upon findings in favor of the defendants, in an action
for rescission, tried to the court.    Modified.

*Lucius G. Nash* and *Harry Rosenhaupt,* for appel-
lant.

*Fred S. Duggan,* for respondents.

HOVEY, J.—On June 1, 1920, appellant entered into
a contract with the respondents for the purchase of a
lot in the city of Spokane, upon which were situate two
dwelling houses.    The contract price was $4,000, and
of this $700 was paid upon the execution of the con-
tract and the balance was payable in installments.    The
contract does not contain any time essence provision
nor any other provision for forfeiture, nor any pro-
vision making all payments due upon default in one

[1]Reported in 207 Pac. 239.

or more payments, but merely provides that, upon full payment being made, deed shall be delivered; and the deed and a copy of the contract were placed in escrow, and a copy of the contract was recorded in the office of the county auditor. The appellant was given immediate possession of the premises, but both houses were rented at intervals and the actual possession has been that of tenants, throughout the action.

At the time of the commencement of this action, appellant resided near Spokane, but respondents left the state upon the execution of the contract and have been represented throughout by Fred S. Duggan, their attorney.

On September 30, 1920, appellant filed a complaint seeking the rescission of this contract and the restoration to her of the initial payment of $700. The ground of rescission was misrepresentation as to the condition of the property in two respects, viz.: It is alleged that the respondents represented that the floors in the houses were good, when, in truth, they were bad; and that the property was connected with the city sewer, when, in fact, it had cesspools, and no city sewer was available except at an expense of about $1,000. At the time of commencing the action, appellant also applied for and secured a writ of attachment against the property contracted to be conveyed.

On October 13, 1920, there was served the following instrument:

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF SPOKANE.

Lucy Barton, Plaintiff,
    versus
Vito Tombari and Filomena Tombari, Defendants.

DEMAND FOR POSSESSION AND RETURN OF PROPERTY.

To Lucy Barton, and to Rosenhaupt & Grant and Lucius G. Nash, Your Attorneys:—

The undersigned Vito Tombari and Filomena Tombari demand possession of the two houses heretofore bought by you from us, to-

gether with the furniture bought as a part of said property in said contract, with the keys to the premises, which you will forthwith deliver to the undersigned.

Dated at Spokane, Washington, October 13th, 1920.

VITO TOMBARI,

FILOMENA TOMBARI,

By Fred S. Duggan,

Attorney and Agent.

We hereby consent to the surrender of said property and possession thereof is hereby given to defendant.

Personal service of the foregoing demand for possession is hereby admitted on us at Spokane, Washington, Oct. 13, 1920.

ROSENHAUPT & GRANT,

LUCIUS G. NASH.

Thereupon a meeting took place in the office of Mr. Nash, one of the attorneys for appellant, between the appellant, her attorneys and Mr. Duggan, as attorney for the respondents. There is some controversy as to what was said at this meeting, but we do not deem the conflict as material as it terminated in the following written instrument, signed by the appellant and accepted by Mr. Duggan:

"Spokane, Washington, October 18, 1920.
"Mr. Fred S. Duggan,
"Attorney for Vito Tombari,
"Spokane, Washington.

"Dear Sir: Pursuant to the cancellation of the contract between Lucy Barton and Vito Tombari for purchase by said Lucy Barton of Lot fourteen (14), Block seventy-two (72), Subdivision of School Section sixteen (16), Township twenty-five (25), Range forty-three (43), City of Spokane, and in compliance with the demand made by you for the surrender of said premises and to effectuate the cancellation of the contract made between said parties, you are authorized to take immediate possession of said premises and this is your authority to present to Mrs. Cady, now in possession of the small house on the premises.

"I am, Yours truly,

"Mrs. Lucy Barton."

The agreement as prepared used the word "rescission," but at the request of Mr. Duggan this was changed to "cancellation."

The testimony on behalf of appellant is that, after Mr. Duggan returned to his office, a telephone conversation took place in which the attorney for appellant asked for the return of the $700 and called attention to the decision of this court in *Jones v. Grove,* 76 Wash. 19, 135 Pac. 488. It is not disputed that later in the same day Mr. Duggan served upon the attorneys for appellant the following:

"Mrs. Lucy Barton,                    Oct. 18, 1920.
    "Milwood, Wash.,
"Rosenhaupt & Grant, Attorneys:

"Dear Madam and Gentlemen: I desire to make plain to you that the letter you handed to me today regarding the property sold by Vito Tombari to Lucy Barton, and for the payment of which she is in default, is not accepted as a cancellation of the contract.

"In your complaint in this action you tendered back possession of the property, but upon conditions. I thereafter on Oct. 13th demanded the possession which you tendered, and you by writing consented· to surrender it back, and promised to get the keys for me. Today you said you were ready to complete redelivery of the property, and when I went to your office you delivered instead the letter of the 18th in which you purport to cancel the contract between Tombari and Barton.

"Possession is demanded, but cancellation is not. We mean to have possession and enforce the terms of the contract. I have no authority from my client to cancel his contract, but have authority to take possession of the property and foreclose upon the same to enforce his contract.

"Please advise me promptly whether you mean to give me possession under these circumstances, which are the circumstances in mind when we had our former talk, or whether you decline to give possession. I want

possession without any string to it, and if I can not have it from you will apply to the court for it.

"Yours truly,

"Fred S. Duggan."

On October 19, respondents served an answer, denying the allegations of misrepresentation and praying for the foreclosure of their contract. Thereafter appellant replied, setting up the facts we have referred to which had occurred since the commencement of the action, and alleging that respondents were then in possession of the premises, and demanding relief as prayed in her complaint. The case was duly tried before the court, who made an examination of the premises and found against appellant upon the charge of fraud, refused to treat the contract as cancelled, but entered a decree of foreclosure, subject to a provision for reinstatement of the contract upon the payment of certain damages.

The personal judgment was for the sum of $837.63, being the amount of the installments then past due and unpaid. The decree provides that the interest of the appellant in the property shall be sold on execution and the proceeds applied upon the judgment, and the respondents were given judgment against the appellant for any deficiency.

There is a sharp conflict in the testimony as to the misrepresentations, and the trial court was in the best position to judge the facts.

The first point made by the appellant is that the acts of the attorney for the respondent, together with the acts of the appellant as set out in the exhibits, amounted to a rescission of the contract and, under the authority of *Jones v. Grove, supra,* entitled the appellant to recover the sum which she had paid on the contract. Respondents were not present when these acts took place, and there is nothing in the record to indi-

cate that they ever authorized or ratified the conduct of Mr. Duggan.

The authority of an attorney in dealing with the affairs of his client is limited to conducting litigation, except in so far as he may be expressly authorized; while he ''may adopt any course which seems to him best calculated to secure the object for which he was employed, and has implied power to use all the usual and ordinary means to that end, yet he cannot, by virtue of his general authority, bind his client by any act which amounts to a surrender in whole or in part of any substantial right.'' 6 C. J. 660, note A. Of the cases cited, the following are in point in this case: *Pomeroy v. Prescott,* 106 Me. 401, 76 Atl. 898, 138 Am. St. 347, 21 Ann. Cas. 574; *Dickerson v. Hodges,* 43 N. J. Eq. 45, 10 Atl. 111; *Lewis v. Duane,* 141 N. Y. 302, 36 N. E. 322. We have adopted the same principle in *Timm v. Timm,* 34 Wash. 228, 75 Pac. 879; *Budlong v. Budlong,* 31 Wash. 228, 71 Pac. 751. The point is not covered in the syllabus of the last case, but is treated on page 236.

If we adopt the contention of appellant, the attorney for respondents would be held to sacrifice practically the entire subject-matter, and at best it would be such a compromise as is beyond the power of an attorney to make, in the absence of express authority. Weeks on Attorneys at Law (2d ed.), p. 471. We conclude that the trial court was right in refusing relief to the appellant.

The question of the relief to be awarded to the respondents is more difficult of solution. The principle of foreclosure on behalf of the vendor has been sustained in the following cases: *Shelton v. Jones,* 4 Wash. 692, 30 Pac. 1061; *Roy v. Vaughan,* 100 Wash. 345, 170 Pac. 1019; *Taylor v. Interstate Inv. Co.,* 75

Wash. 490, 135 Pac. 240. In none of these cases, however, was the right to a deficiency judgment passed upon. In *Johnson v. McKinnon*, 45 Fla. 388, 34 South. 272, 13 L. R. A. (N. S.) 874, it is stated:

"...  We know of no authority for entering a deficiency decree in actions to enforce vendor's liens. As we understand it, the rule of procedure in giving deficiency decrees does not belong to a court of equity, unless specifically conferred by statute or a rule of court."

In a note to this case in 13 L. R. A. (N. S.) 874, there is cited in support of the same doctrine *Cobb v. Duke*, 36 Miss. 60, 72 Am. Dec. 157, but it is there stated that in most of the states a deficiency judgment may be secured. In nearly all of the cases cited, however, the decision provides only for a personal judgment, and in some of the states the specific right to a deficiency is given by statute. In 39 Cyc. 1876 it is stated: "But this right to a deficiency decree does not exist unless specifically conferred by statute or a rule of court." Two cases from Alabama are cited from which it appears that this was the law in Alabama until changed by statute.

By the cross-complaint in this action, no personal judgment was demanded; there was a general prayer for such relief as the court might consider equitable, but the relief specified was the foreclosure of the contract, the sale of appellant's interest in the real estate, and the cancellation of the record evidence of the contract.

The positions of the parties on the sale of land on contract have been likened to that of mortgagor and mortgagee, and theoretically some such relation is established, but practically the transactions are quite different; in the case of a mortgage, the purpose of the lender is to make a profit on his money by way of in-

terest, and to keep rates of interest moderate his protection must be liberal, both as to the margin of security and as to the obligation of the borrower. In the sale of land on contract, the profit of the creditor is in the price he secures, and to obtain this he carries the risk of the margin between the loan value and the selling value of the property to the extent that he is not covered by his initial payment.

In the case of mortgage foreclosures we have express statutory direction by § 1119, Rem. Comp. Stat., but we do not have any statute relative to contracts of this character, and as the contract itself makes no provision for this remedy, the respondent should be confined to the foreclosure of all equity redemption of the appellant in and to the property for the amount now due upon the contract.

The decree appealed from will be modified as herein indicated.

PARKER, C. J., and MAIN, J., concur.

HOLCOMB, J. (dissenting)—I dissent. Mr. Duggan was not only attorney for respondents, but he was their agent to handle not only their lawsuit, but their property. He subscribed himself as "agent" and "attorney." The absence of respondents from the city and state, and other circumstances, show his agency. As agent for respondents he had other and greater powers than as attorney. The authorities relied upon limiting his powers as an attorney at law are not in point. Appellants, upon the mutual rescission or "cancellation" of the contract, were not entitled to anything more, or to the return of the money paid and not then demanded or settled; but they were entitled to the cessation of the lawsuit and of the controversy.