[No. 46533. En Banc. June 26, 1980.]

MARK S. LARNER, *Respondent,* v. TORGERSON
CORPORATION, *Petitioner.*

*Hackett, Beecher, Hart, Branom & Vavrichek,* by *Steven A. Branom* and *K. C. Webster,* for petitioner.

*Fitch & Ludwick,* by *John H. Ludwick* and *Graham Fitch,* for respondent.

BRACHTENBACH, J.—This is a suit for damages for personal injuries suffered by plaintiff Mark S. Larner when several of his fingers were partially amputated while he was working on a forklift. The forklift had an electrical system defect which caused the starter motor to turn over without being activated by the operator. When plaintiff placed his hand on the fanbelt while tuning the engine, the starter engaged spontaneously catching plaintiff's fingers between the belt and the pulley, severing the fingers.

The facts are important and will be reviewed in more detail after examination of the pleadings. Plaintiff alleged that he was employed by Glandon Machinery Company,

but that the forklift was leased to his employer, Glandon, by defendant Torgerson Corporation. His sole, original allegation of liability against Torgerson was that "defendant knew the equipment to be defective and negligently failed to warn about the danger in working on said equipment." Plaintiff later filed a notice of trial amendment of his pleadings, alleging "that the defendant should be held liable pursuant to the doctrine of vicarious liability in that Glandon Machinery Repair was negligent in the supervision and instruction to the plaintiff and that said failure to provide adequate supervision and instruction to the plaintiff was a proximate cause of plaintiff's injuries, and that Glandon Machinery Repair was a dependent contractor of Torgerson Corporation." We have not been offered any analysis or authority as to the meaning of a "dependent contractor."

Defendant, on a summary judgment motion, raised the bar of the workers' compensation statute, RCW 51.04.010. Defendant argued that if the corporation were the master of Glandon then the plaintiff was in the same employ and therefore the bar of the statute applied. The issue was again raised in defendant's motion for judgment notwithstanding the verdict, after a verdict in favor of the plaintiff. The same issue was raised in defendant's civil appeal statement to the Court of Appeals. Unfortunately, all briefs are silent on that vital issue.

The jury rendered a verdict for plaintiff and found him 10 percent contributorially negligent, thereby reducing his award of $27,500 to $24,750.

The Court of Appeals, in an unpublished opinion, affirmed plaintiff's judgment. We reverse and order the case dismissed on either of plaintiff's theories.

Defendant was a corporation owned by Lee Torgerson and his wife. The corporation had only two employees, Lee Torgerson and his secretary/bookkeeper. Defendant's business was that of buying and selling heavy construction equipment, primarily rock crushers. Some of the equipment required repair, painting or other refurbishing. Glandon, a former employee of Torgerson in another venture, wanted

to start his own "shop". Torgerson did not want the difficulties of operating his own repair shop. Glandon and Torgerson Corporation entered into a verbal agreement whereby Glandon rented the repair shed on Torgerson's leased property. Torgerson provided a forklift and pickup for Glandon's use, without charge. Torgerson provided minimal bookkeeping services to Glandon without cost. Glandon had his own business license, hired and paid his employees and billed Torgerson for his own time and that of his employees. Torgerson had first call upon Glandon's shop for Torgerson's work, but Glandon was free to and did take on outside work, though minimal in amount. The relationship was terminable by either party.

Turning to the offending device, the forklift was a used machine purchased by Torgerson and furnished to Glandon so that he and his employees could load and unload the equipment to be serviced by Glandon. After the forklift had been at the yard for many months, it developed the electrical defect. Glandon and all his employees, including the plaintiff, knew about this propensity for the starter motor to engage unexpectedly. It is extremely doubtful whether Torgerson learned before the accident of the specific character of the lift as to its infrequent tendency to engage the starter motor.

Considering first the issue of vicarious liability, whenever there is a relationship between a superior business party and a subordinate business party the relationship can be characterized as either one of master and servant or one of independent contractorship. In the leading case of *Hollingbery v. Dunn*, 68 Wn.2d 75, 411 P.2d 431 (1966), we said that this characterization is essentially a question of law but where the facts are in dispute or susceptible of more than one interpretation, then the relationship must be characterized by the trier of the facts. The factors to be considered are listed in the Restatement (Second) of Agency § 220(2) (1958) and the most crucial factor is the right to control the details of the work. When a superior business party has retained no right of control and

there is no reason to infer a right of control over a subordinate business party, then he cannot be held liable for the negligent acts of the subordinate party.

In this case the undisputed evidence shows that with respect to his repair work, Glandon was an independent contractor under Torgerson. The crucial factor is the lack of a right to control the details of the work performed by Glandon or his employees. Torgerson, Glandon, the plaintiff himself, and a fellow employee all testified that Torgerson did not tell either Glandon or the employees how to perform their work. Glandon hired and fired all his own employees. With respect to repairing the forklift, Torgerson stated that Glandon "had full power to do anything to that forklift that he thought was necessary to do." Torgerson also stated that Glandon "was in business for himself" and that he just looked to Glandon to get the work done. No witness suggested that Torgerson ever attempted to direct the details of the repair work other than to indicate which machine should be repaired first. Glandon stated that he was the only person who was responsible for directing his "employees as to how to perform their job."

Although most of the remaining factors from the Restatement of Agency are not persuasive either way, a few factors bolster this conclusion. As a mechanic repairing heavy equipment, Glandon was engaged in a distinct business. Before contracting with Glandon, Torgerson had the same kind of work done by other independent contractors. The parties believed that they were not creating a master and servant relationship.

In addition, Glandon did some outside work as he was entitled to do. Torgerson's prime interest was buying and selling the machinery; repair was only incidental to his objective.

We conclude as a matter of law that there was insufficient evidence to go to the jury on the question whether Glandon was an agent. As a matter of law he was an independent contractor.

Before turning to the next issue, we emphasize that we have not considered the question of defendant's statutory immunity under RCW Title 51. If Glandon were deemed the servant of Torgerson, then Larner would be Torgerson's employee and it would appear that Torgerson should receive the employer's statutory immunity. The briefs simply do not put that matter before the court.

Next we consider Torgerson's possible independent tort liability as the supplier of a chattel for use by Glandon and his employee which chattel turned out to be defective.

Section 388 of Restatement (Second) of Torts (1965), which was adopted in *Fleming v. Stoddard Wendle Motor Co.,* 70 Wn.2d 465, 467, 423 P.2d 926 (1967), applies generally where a chattel has been supplied for use by another. But, as in this case, where the chattel is to be used for the supplier's business purpose, section 392 also applies. In addition to the duty to warn of known dangers, which is imposed by section 388, section 392 also adds a duty upon the supplier to make a reasonable inspection. Restatement (Second) of Torts § 392, comment *a,* at 319–20 (1965).

■ Because Torgerson supplied the forklift to Glandon so that Glandon could use it to work on Torgerson's equipment, section 392 states the controlling rule of law:

One who supplies to another, directly or through a third person, a chattel to be used for the supplier's business purposes is subject to liability to those for whose use the chattel is supplied, or to those whom he should expect to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by persons for whose use the chattel is supplied

(a) if the supplier fails to exercise reasonable care to make the chattel safe for the use for which it is supplied, or

(b) if he fails to exercise reasonable care to discover its dangerous condition or character, and to inform those whom he should expect to use it.

Restatement (Second) of Torts § 392 (1965).

Section 392 places upon the supplier the duty to make a reasonable inspection of the chattel and then either to repair any dangerous defects that he discovers or to warn those who might be expected to use it of the defects. This duty arises at the time that the supplier transfers possession and control of the chattel.

Based on the undisputed facts, Torgerson cannot have breached this duty for two reasons. First, it is undisputed that the defect did not exist at the time that Torgerson transferred possession and control of the forklift to Glandon. Because Glandon was proved to be an independent contractor, Glandon's continuing possession and control cannot be attributed to Torgerson.

Second, it is undisputed that Larner knew that the forklift starter had engaged on prior occasions without anyone touching it. There is no need to give a warning when a person to be warned is already fully informed.

Since Torgerson cannot be held liable as a matter of law under either of the plaintiff's theories of the case, the suit must be dismissed.

It is so ordered.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.