

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Detention of LANCE B. KLEINMAN. | ) ) ) | No. 72796-6-I |
| | ) | DIVISION ONE |
| STATE OF WASHINGTON, | ) ) | |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| LANCE B. KLEINMAN, | ) ) | |
| Appellant. | ) | FILED: March 14, 2016 |

SCHINDLER, J. — In 2001, Lance B. Kleinman entered into a written stipulation and order of commitment as a sexually violent predator (SVP). In 2014, the trial court denied Kleinman's CR 60(b)(11) motion to vacate the stipulation. Because Kleinman fails to demonstrate that his allegations of an involuntary waiver and ineffective assistance of counsel constituted extraordinary circumstances entitling him to vacate the SVP petition, we affirm.

FACTS

In February 2000, the State filed a petition to commit Lance B. Kleinman as a sexually violent predator (SVP) under chapter 71.09 RCW. In January 2001, just before jury selection in his commitment trial, Kleinman entered into a written stipulation and order of commitment. Kleinman stipulated that he is a "sexually violent predator" as

defined in RCW 71.09.020 and met the requirements for commitment as an SVP under RCW 71.09.060 beyond a reasonable doubt. In the stipulation, Kleinman admits he "has committed and been convicted of two counts of Rape in the First Degree, both of which constitute 'sexually violent offenses' as that term is defined in RCW 71.09.020;" he "currently suffers from a mental abnormality as defined in RCW 71.09.020, to wit: Paraphilia Not Otherwise Specified (Rape);" he "suffers from a personality disorder as defined in RCW 71.090.020, to wit: Personality Disorder Not Otherwise Specified (with Avoidant, Schizoid, Paranoid, and Anti-Social features);" and, as a result of his "mental abnormality and personality disorder, he is likely to commit further predatory acts of sexual violence if he is not confined in a secure facility." The stipulation and order of commitment provided that Kleinman agreed to waive his right to a commitment trial and to not contest his SVP status for 18 months. After 18 months, Kleinman was entitled to a less restrictive alternative (LRA) trial if he submitted a plan identifying a certified sex offender treatment provider, the proposed treatment plan, and the type of housing in which he would reside.

The parties agreed that Kleinman would not have to meet the show cause standard for an LRA trial and that the State would not seek judgment as a matter of law. If Kleinman was unable to submit the specified plan after 18 months, his right to an LRA trial would continue until he was able to do so. The parties also agreed the version of chapter 71.09 RCW in effect at the time of the stipulation would apply to the LRA trial, thereby requiring the State to satisfy a higher burden of proof than required under later statutory amendments.

2

Kleinman acknowledged that he "has had read to him" the stipulation and related commitment documents; that he discussed the documents with his attorney, understood the documents, and had no unanswered questions; and that no one threatened or coerced him into entering into the stipulation. Kleinman further acknowledged that he understood he had the rights specified for the commitment trial and after commitment, including the right "[t]o petition for release," and that by entering the stipulation, he was "knowingly, voluntarily and intelligently waiving these rights until the [LRA] trial . . . is held."

In May 2002, Kleinman moved to withdraw his stipulation under CR 60(b)(5) and (11), arguing it was void and legally insufficient following the United States Supreme Court decision in Kansas v. Crane, 534 U.S. 407, 122 S. Ct. 867, 151 L. Ed. 2d 856 (2002). The trial court denied the motion. This court affirmed, noting among other things that Kleinman had "knowingly and voluntarily entered into a valid stipulation" in order to take advantage "of the benefits of existing civil commitment law." In re Det. of Kleinman, noted at 121 Wn. App. 1059, 2004 WL 1200077, at *2.

In 2009, Kleinman filed a petition for an unconditional release trial under RCW 71.09.090(2)(a). Kleinman relied on the report of psychologist Dr. Luis Rosell. Dr. Rosell stated Kleinman no longer met the definition of an SVP. Although Kleinman had not yet requested an LRA trial, he argued the terms of the stipulation precluded him from seeking unconditional release during only the first 18 months of his SVP commitment. In support, Kleinman submitted the declaration of his attorney at the time of the stipulation, Douglass McCrae. McCrae stated the parties never discussed whether the stipulation would impair Kleinman's right to an unconditional release trial

3

and McCrae told Kleinman that Kleinman "kept all the post trial rights that anybody else had (including appeal) but that he got one extra post trial right."

The trial court concluded the terms of the stipulation were unambiguous and Kleinman gave up the right to petition for unconditional release until after the LRA trial specified in the stipulation. The court ruled McCrae's declaration was inadmissible to contradict the terms of the unambiguous language of the stipulation and dismissed the petition for an unconditional release trial.

A commissioner of this court denied Kleinman's motion for discretionary review, and a panel of judges denied his motion to modify. In May 2010, the Supreme Court commissioner denied Kleinman's motion for discretionary review.

Kleinman has received multiple annual reviews since 2009. On September 29, 2014, following the most recent annual review, Kleinman filed a motion to dismiss the SVP petition under CR 60(b)(5) and (11). In the alternative, Kleinman requested an unconditional release trial. Kleinman argued the stipulation violated due process, lacked consideration, and violated the contractual obligation of good faith and fair dealing.

The trial court denied the motion to dismiss. The court concluded the provisions that lessened Kleinman's burden of obtaining an LRA trial, that ensured a jury could rule on his LRA release, and that bound the State to a higher burden of proof provided sufficient consideration to support the stipulation. The court further found that because Kleinman had knowingly, intelligently, and voluntarily waived his right to petition annually for unconditional release, the stipulation did not violate due process. The court noted that under the terms of the stipulation, Kleinman was free to petition annually for a

4

show cause hearing once he satisfied the LRA trial condition. Finally, the court found no evidence that the State acted contrary to its duties under the stipulation.

Kleinman appealed. While his appeal has been pending, Kleinman requested an LRA trial. The LRA trial is scheduled for August 2016.

ANALYSIS

Below, Kleinman filed a motion to dismiss the SVP petition under CR 60(b)(5) and (11). On appeal, he argues the trial court erred in denying his motion under only CR 60(b)(11).

We review the trial court's denial of a motion to vacate under CR 60(b) for a manifest abuse of discretion. In re Det. of Mitchell, 160 Wn. App. 669, 675, 249 P.3d 662 (2011). The trial court abuses its discretion "only if there is a clear showing that the exercise of discretion was manifestly unreasonable, based on untenable grounds, or based on untenable reasons." Moreman v. Butcher, 126 Wn.2d 36, 40, 891 P.2d 725 (1995). Our review is limited to the trial court's decision denying Kleinman's CR 60(b)(11) motion. See Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980) (an appeal from the denial of a CR 60(b) motion "is limited to the propriety of the denial not the impropriety of the underlying judgment").

Under CR 60(b)(11), the trial court may relieve a party from a final judgment for reasons not covered by any other provision of CR 60(b). In re Marriage of Furrow, 115 Wn. App. 661, 673, 63 P.3d 821 (2003). CR 60(b)(11) is "a catch-all provision, intended to serve the ends of justice in extreme, unexpected situations." In re Det. of Ward, 125 Wn. App. 374, 379, 104 P.3d 751 (2005). Relief under CR 60(b)(11) is limited to "extraordinary circumstances" relating to "irregularities extraneous to the action of the

court or questions concerning the regularity of the court's proceedings." In re Marriage of Yearout, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985). Errors of law do not justify vacating a judgment under CR 60(b)(11). Furrow, 115 Wn. App. at 674.

On appeal, Kleinman devotes virtually no argument to the specific allegations that he raised in the trial court or the trial court's detailed resolution of those allegations. Rather, he contends the trial court should have granted his CR 60(b)(11) motion because (1) he did not make a knowing, intelligent, and voluntary waiver of his rights when entering into the 2001 stipulation and (2) he was denied effective assistance of counsel at the time of the stipulation. Kleinman asks this court to vacate the 2001 stipulation and commitment order or, in the alternative, order an unconditional release trial.

Kleinman's allegations of involuntary waiver and ineffective assistance of counsel are essentially a collateral attack on the validity of the stipulation and the underlying 2001 order of commitment. Consequently, they do not fall within the scope of review of an order denying a CR 60(b) motion. See Bjurstrom, 27 Wn. App. at 450-51.

In any event, Kleinman has made no showing that his allegations constitute "extraordinary circumstances" warranting relief under CR 60(b)(11). Generally, "the incompetence or neglect of a party's own attorney" does not justify relief in a civil proceeding. Lane v. Brown & Haley, 81 Wn. App. 102, 107, 912 P.2d 1040 (1996). In the case cited by Kleinman, Graves v. P. J. Taggares Co., 94 Wn.2d 298, 300-04, 616 P.2d 1223 (1980), the defendant's attorney filed nothing in opposition to a summary judgment motion, failed to appear at argument, failed to inform his client of the partial summary judgment establishing liability, failed to present any evidence at trial, and

failed to advise his client of the decision awarding plaintiffs $131,200 in damages. Under the circumstances, the court found the attorney's unauthorized surrender of his client's substantial rights constituted extraordinary circumstances warranting vacation of the judgment under CR 60(b)(11). Graves, 94 Wn.2d at 301. Kleinman has not identified any comparable egregious conduct here.

Kleinman's closely related allegations of involuntary waiver and ineffective assistance are based primarily on the 2009 declaration of the attorney who represented him at the time of the 2001 stipulation. In his declaration, the attorney provides no meaningful explanation for the belief that after 18 months, the stipulation did not preclude Kleinman from seeking an unconditional release until he obtained an LRA trial. Nor does the declaration provide anything more than conclusory allegations about what the attorney may or may not have discussed with Kleinman during the stipulation negotiations.

Kleinman signed a written stipulation acknowledging the relevant documents were read to him, he discussed those documents with his attorney, he understood the documents, and he had no unanswered questions. The stipulation fully identified rights Kleinman waived including the right to a commitment trial and the right "[t]o petition for release." Kleinman acknowledged that he knowingly, voluntarily, and intelligently waived these rights. Kleinman's acknowledgements and signature on the written stipulation constitute strong evidence that his waiver was knowing, intelligent, and voluntary. See In re Det. of Scott, 150 Wn. App. 414, 426-27, 208 P.3d 1211 (2009) (relying on criminal caselaw when reviewing motion to withdraw stipulation to civil commitment).

Under the circumstances, the record of Kleinman's allegations of involuntary waiver and ineffective assistance of counsel during the stipulation negotiations is insufficient to establish the extraordinary circumstances necessary for relief under CR 60(b)(11). The trial court did not abuse its discretion in denying Kleinman's motion to vacate the 2001 stipulation, dismiss the SVP petition, or order an unconditional release trial.[1]

Affirmed.

WE CONCUR:

---

[1] Because Kleinman fails to demonstrate extraordinary circumstances, we need not address the State's contention that Kleinman's motion to vacate was not timely filed. CR 60(b); see Ward, 125 Wn. App. at 380 (10 years is unreasonable amount of time to wait before filing CR 60(b)(11) motion based on a change in the law).