# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

TAMARA ZAITSEV,

               Respondent,

        v.

SHAWN KELLER D.D.S., d/b/a SMILES
BY DESIGN,

               Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

No. 74626-0-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: July 31, 2017

APPELWICK, J. — Zaitsev challenges a trial court order dismissing her complaint alleging negligence in the course of dental treatment. Zaitsev failed to accomplish valid service of process according to the requirements of RCW 4.28.080(15) by serving only the defendant's attorney. The evidence in the record indicates that the defendant's attorney was not authorized to accept service of process on the clients' behalf. We affirm.

## FACTS

On May 7, 2015, Tamara Zaitsev, acting pro se, filed a "Demend [sic] Letter for Settlement Purpose" on a preprinted complaint form. The caption of the document named "Shawn Keller DDS (Smiles by Design)" as the defendant. Zaitsev alleged that during a dental procedure performed by Dr. Keller on June 21, 2012, a piece of a drill broke off. She claimed that the broken piece of the drill remained lodged in her jaw and caused or exacerbated a variety of health problems. Zaitsev alleged "negligent performance" and claimed she was entitled to damages of $500,000, which included

medical expenses incurred, estimated future medical expenses, and damages for pain and suffering. She stated that she wanted to settle her case before the June 21, 2015 "deadline," but was also "ready to proceed to trial," and "hopeful for a positive outcome."

Shortly after filing this document, Zaitsev arranged for the sheriff to serve Dr. Keller's attorney. However, according to the attorney, the only document delivered to him on May 12, 2015 was a trial court order setting the case schedule

On May 21, 2015, ten days after the attempted service on Dr. Keller's attorney, defense counsel filed a notice of appearance in the case, "without waiving objection as to improper service or jurisdiction." The notice provided that "all further papers" excluding "original process" must be served on defense counsel.

Approximately six months later, on November 16, 2015, Dr. Keller and Smiles by Design (collectively, "Dr. Keller") filed a motion to dismiss. Dr. Keller asserted that although Zaitsev served a copy of the case scheduling order on his attorney on May 12, 2015, she otherwise failed to personally serve him with a copy of the summons and complaint. Dr. Keller argued that the plaintiff's claims should be dismissed under CR 12(b)(5) due to insufficient service and under CR 12(b)(4) due to insufficient process. In support of the motion, Dr. Keller submitted his attorney's declaration. The attorney confirmed that he received only a copy of an order setting the case schedule on May 12, 2015 and stated that, in any event, he had not been authorized by Dr. Keller to accept service of process. Dr. Keller also submitted his own declaration, stating that Zaitsev had not served him with a copy of the summons and complaint nor had he authorized his attorney to accept service of process.

Zaitsev filed a response to the motion. She acknowledged that she attempted to serve Dr. Keller's attorney, not Dr. Keller. But, according to Zaitsev, she delivered all the required documents, including the summons and complaint, to the clerk at the Sheriff's Office. Zaitsev further maintained that she served Dr. Keller's attorney because she was following the attorney's previous instruction not to contact Dr. Keller directly. Zaitsev argued that her complaint should not be dismissed because she was misled by defense counsel and because she was pro se by necessity, not by choice. Zaitsev provided three declarations, including her own, stating that she delivered the summons and complaint to the Sheriff's Office clerk. She also provided a January 15, 2015 letter Dr. Keller's attorney sent to her former attorney. The letter states, in relevant part:

> Your client's daughter, Elena Zaitsev[a], recently e-mailed my client, Dr. Keller, and requested her mother's x-ray taken on June 21, 2012, for you. As you are aware, I represent Dr. Keller. Accordingly, your client and your client's daughter should not be contacting Dr. Keller directly. In addition, if you want any of Dr. Keller's records, there will need to be a release signed and that request needs to be made through me.

The parties appeared for a hearing on the motion to dismiss. Zaitsev's daughter spoke on her mother's behalf and informed the court that her mother did not understand English well enough to answer the court's questions. The court determined that a hearing on the motion could not proceed in the absence of an official court interpreter. The court offered to either reschedule the hearing for a later date when arrangements could be made for a court interpreter to participate or to rule on the motion as scheduled based on the written materials, without oral argument. Zaitsev's daughter told the court that her mother "would like that you decide today." Defense counsel did not object. The

court informed the parties that it would decide the motion based on the written submissions and issue a written order.

On the same day, the trial court issued an "Order Granting CR 12(b) Motion for Dismissal." The order states:

> The plaintiff did not accomplish proper service either by personal service upon Dr. Keller or by effective service on the entity Smiles by Design. The court records do not contain any Return of Service documents at all. Service upon the attorney for Dr. Keller was not authorized and would not be sufficient. Although this ruling may seem harsh, the fact is that with the Court lacking jurisdiction, any judgment that might be entered would later be declared void.

Due to the insufficiency of service of process and because "the Statute of Limitations has run," the court dismissed Zaitsev's claims with prejudice.

Zaitsev appeals.

## DISCUSSION

Zaitsev challenges the dismissal of her claims. She maintains that she acted in good faith by serving Dr. Keller's attorney because she relied on the attorney's explicit directions and reasonably believed she was required to serve the attorney.

Without proper service of the summons and complaint, the court does not obtain personal jurisdiction over a party. Streeter–Dybdahl v. Huynh, 157 Wn. App. 408, 412, 236 P.3d 986 (2010). "[P]roper service of process must not only comply with constitutional standards but must also satisfy the requirements for service established by the legislature." Farmer v. Davis, 161 Wn. App. 420, 432, 250 P.3d 138 (2011). Whether service of process was proper is a question of law that we review de novo. Streeter–Dybdahl, 157 Wn. App. at 412. Where, as here, the court considers matters outside the pleadings in ruling on a motion to dismiss, we treat the motion as a motion

for summary judgment. Freestone Capital Partners, L.P. v. MKA Real Estate Opportunity Fund I, LLC, 155 Wn. App. 643, 653, 230 P.3d 625 (2010). As such, we review the facts and reasonable inferences in the light most favorable to the nonmoving party. Id. at 653-54.

RCW 4.28.080(16) requires that the plaintiff serve the defendant with a copy of the complaint and summons either personally or through substituted service at the defendant's residence or usual abode. Lepeska v. Farley, 67 Wn. App. 548, 551, 833 P.2d 437 (1992). Specifically, RCW 4.28.080(16) states that the plaintiff must serve process by delivering a copy of the summons "to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein."

An attorney may not surrender a substantial right of a client without specific authority granted by the client, and therefore, "an attorney needs the client's express authority to accept service of process." Russell v. Maas, 166 Wn. App. 885, 890, 272 P.3d 273 (2012). Express authority is necessary to protect clients from possibly serious consequences arising from a misunderstanding between the client and the attorney. Graves v. P.J. Taggares Co., 94 Wn.2d 298, 304, 616 P.2d 1223 (1980). It also ensures that clients will be consulted on all important decisions. Id.

Essentially, Zaitsev argues that Dr. Keller should be equitably estopped from asserting the defense of insufficient service because defense counsel misled her about the requirements for proper service. Equitable estoppel requires (1) an admission, statement, or act inconsistent with a claim afterwards asserted, (2) action by another in reasonable reliance upon that act, statement, or admission, and (3) injury to the relying

party from allowing the first party to contradict or repudiate the prior act, statement or admission. Lybbert v. Grant County, 141 Wn.2d 29, 35, 1 P.3d 1124 (2000). "Where both parties can determine the law and have knowledge of the underlying facts, estoppel cannot lie." Id. The party asserting estoppel must show each element by clear, cogent, and convincing evidence. Id.

Lybbert is instructive. In that case, the plaintiffs attempted to sue Grant County but mistakenly served the county commissioner's administrative assistant. The first element of equitable estoppel was met because for nine months following the defective service, the County "gave multiple indications that it was preparing to litigate this case." Id. at 35-36. For instance, the County served interrogatories and requests for production on the Lybberts. Id. at 32. And, when the Lybberts then asked in interrogatories if the County would rely on the affirmative defense of insufficient service of process, the County waited for months to respond. Id. at 33. When it finally did respond, the statute of limitations had run on the Lybberts' claim. Id. at 33-34. The County then moved for dismissal for that reason. Id. In spite of these inconsistent acts, the court concluded that the Lybberts failed to establish justifiable reliance on the conduct of the defense counsel because the statute governing service of process on counties explicitly requires service on the county auditor. Id. at 36. Because the legal requirement was clear, "it was not at all reasonable, much less justifiable for the Lybberts to rely on the County's failure to expressly claim, prior to the expiration of the statute of limitations, that the service upon it was ineffective." Id.

Here, on the other hand, after Zaitsev filed an ambiguous document on a complaint form, neither Zaitsev nor Dr. Keller took any action toward litigating the case.

6

Defense counsel filed only a notice of appearance. In that notice, counsel explicitly informed the plaintiff that all documents "except original process" should be served on the attorney. Defense counsel did nothing to create an impression that Dr. Keller intended to litigate the merits of the case instead of relying on a procedural defense.

Also, RCW 4.28.080(16) is explicit in prescribing the two acceptable methods of service: personal service or substituted service at a defendant's usual abode. Defense counsel's January 2015 letter predated the filing of a complaint and was directed toward Zatisev's former counsel, not Zaitsev. The letter does not mention service of process, let alone indicate an intent to waive the statutory service requirements. The context of the letter indicates that at the plaintiff's lawyer's request, Zaitsev's daughter contacted Dr. Keller directly to obtain records. Lawyers must refrain from contacting represented clients. See Rules of Professional Conduct (RPC) 4.2. Accordingly, defense counsel merely asked counsel to neither instruct nor allow her client or her client's family members to contact Dr. Keller directly about the underlying incident. It is not reasonable nor justifiable to interpret this letter as authorization for the attorney to accept service of process on the client's behalf. Zaitsev failed to establish equitable estoppel by clear, cogent, and convincing evidence.

Zaitsev also claims that the trial court erred by refusing to "lower the standard bar" in view of the obstacles she faced as a pro se litigant. She also argues that the court was required and failed to liberally construe her pro se complaint in accordance with federal court rules. Although we are mindful of the difficulties Zaitsev faced in proceeding pro se, in Washington, courts "must hold pro se parties to the same standards to which it holds attorneys." Edwards v. Le Duc, 157 Wn. App. 455, 460, 238

7

P.3d 1187 (2010); In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). And, Zatisev's argument about the proper construction of her complaint is misplaced because insufficiency of the complaint was not the basis for the dismissal.

Zaitsev asserts that the trial court erred by dismissing her claims with prejudice, because the court mistakenly assumed that the statute of limitations expired. She claims that she remained under Dr. Keller's care following the June 2012 procedure and so she could have argued that a later negligent act triggered the commencement of the limitations period. See RCW 4.16.350(3). But, both Zaitsev's complaint and her response to the motion to dismiss identify the June 21, 2012 procedure as the negligent act that caused her injury. Her complaint further acknowledges the expiration of the statute of limitations on June 21, 2015.

Zaitsev also contends that the court committed procedural errors in resolving the motion to dismiss. In particular, she claims that she was deprived of the assistance of an interpreter at the hearing on the motion, she had insufficient time to prepare for the hearing, and the trial court failed to identify the specific written submissions it would consider in resolving the motion. It is clear from the record that the court did not, in fact, hold a substantive hearing on Dr. Keller's motion without an interpreter. Zaitsev had the opportunity to reschedule the hearing so that an interpreter could participate. She declined. Contrary to Zaitsev's claim, it also appears that Dr. Keller filed and served his reply more than five days before the hearing date. See CR 56(c). And, while Zatisev appears to contend that the court failed to consider an additional declaration she filed the day before the scheduled hearing date, the declaration is not included in the

appellate record.[1] It is not clear that the court did not consider it, and in any event, no authority supports her position that the court was required to consider her untimely submission.

Finally, Zaitsev claims that Dr. Keller waived the defense of insufficient service, because he failed to alert her about the defective service before the statute of limitations expired and did not raise the defense until six months after she filed her complaint. Zaitsev's argument is unconvincing, chiefly because defense counsel's May 21, 2015 notice of appearance alerted her to the fact that counsel was not authorized to accept service of process. But, it is ultimately unnecessary to address waiver because Zatisev did not oppose Dr. Keller's motion to dismiss on this basis and failed to preserve the claim of error. Generally, we do not consider issues raised for the first time on appeal. RAP 2.5(a); Karlberg v. Otten, 167 Wn. App. 522, 531, 280 P.3d 1123 (2012). While appellate courts retain discretion to consider arguments not raised below, we exercise such discretion sparingly. Id. Specific to summary judgment, RAP 9.12 provides that the "appellate court will consider only evidence and issues called to the attention of the trial court." See, e.g., Vernon v. Aacres Allvest, LLC, 183 Wn. App. 422, 436, 333 P.3d 534 (2014), review denied, 182 Wn.2d 1006, 342 P.3d 326 (2015) (declining to consider argument on appeal that was not made during summary judgment proceedings below). The purpose of this rule is to ensure that we engage in the same inquiry as the trial

---

[1] Zaitsev has appended the declaration dated December 19, 2015 to her opening brief. We do not consider this document and the other materials in her appendix because "[a]n appendix [to an appellate brief] may not include materials not contained in the record on review without permission from the appellate court." RAP 10.3(a)(8).

court. Id.   Accordingly, we decline to address Zaitsev's waiver argument for the first time on appeal.

We affirm.

WE CONCUR:

_Cappelwick, J._

_Mann, J._

_Leach, J._

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 JUL 31  AM 9: 29