**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55423-2-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| KAREEM ABDUL BABBS, | |
| Appellant. | |

WORSWICK, J. — Kareem Babbs appeals the trial court's denial of his CrR 7.8 motion challenging his judgment and sentence following his guilty plea to second degree assault, second degree unlawful possession of a firearm, and second degree malicious mischief. He argues that the State violated its plea agreement by advocating for a higher-end sentence, and he seeks specific performance of the plea agreement. We disagree and affirm.

FACTS

The State charged Babbs with second degree assault, second degree unlawful possession of a firearm, and second degree malicious mischief. Babbs pleaded guilty and was released pending sentencing. As part of the plea agreement, the State agreed to recommend the low-end of the standard range sentence—13 months. Babbs's statement on plea of guilty included the

provision, "[The] State is relieved of its recommendation obligation in [the] event of: 1) failure to appear, 2) re-offense, or 3) any other violation of release conditions." Clerk's Papers (CP) at 11. One condition of his release was that Babbs was "to have no violations of the criminal laws of this state, any other state, any political subdivision of this state or any other state, or the United States, during the period of his[] release." CP at 120. The plea statement also provided: "If I am convicted of any new crimes before sentencing, or if any additional criminal history is discovered, both the standard sentence range and the prosecuting attorney's recommendation may increase." CP at 10.

At sentencing, the State informed the court that Babbs had been involved in a domestic violence incident about a month after entering his guilty plea. The State noted that the matter had not yet been referred to the prosecutor's office and was still under investigation. The State argued that based on Babbs's involvement in the incident, the State was no longer bound by the plea agreement. Babbs did not contest that his plea deal was conditioned on law-abiding behavior. Instead, Babbs's defense counsel responded:

> While [] Babbs is not stipulating to the contents of that report, he would still like to take advantage of the recommendations that were made in this case and proceed with sentencing today. And it's for that reason that we would just agree that the State can proceed with changing their recommendation after the implement.

CP at 93-94.

The State recommended the high-end of the standard range—17 months. Babbs argued for the low-end of the standard range—13 months. The trial court sentenced Babbs to 17 months of confinement plus an additional 18 months of confinement based on the firearm sentence enhancement for a total of 35 months of confinement and 18 months of community custody.

55423-2-II

In October 2020, Babbs filed a CrR 7.8 motion to modify his judgment and sentence. He argued that the State breached the plea agreement when it recommended 17 months confinement instead of 13 months confinement. After reviewing the transcript from the sentencing hearing, the trial court denied Babbs's motion. The trial court explained that Babbs—through defense counsel—expressly relieved the State of its obligation for a low-end recommendation, and the court concluded that the State did not breach its plea agreement.

Babbs appeals the trial court's denial of his CrR 7.8 motion.

ANALYSIS

Babbs argues that the State breached its plea agreement by recommending a high-end sentence based on his being involved in a domestic violence incident pending sentencing. We disagree.

We review a decision on a CrR 7.8 motion for abuse of discretion. *In re Pers. Restraint of Cadwallader*, 155 Wn.2d 867, 879-80, 123 P.3d 456 (2005). Whether a breach of a plea agreement has occurred is a question of law we review de novo. *State v. Neisler*, 191 Wn. App. 259, 265, 361 P.3d 278 (2015). A defendant may raise the issue of a prosecutor's breach of a plea agreement for the first time on appeal. *State v. Xaviar*, 117 Wn. App. 196, 199, 69 P.3d 901 (2003). Because a defendant gives up important constitutional rights by agreeing to a plea bargain, due process considerations come into play. *State v. Sledge*, 133 Wn.2d 828, 839, 947 P.2d 1199 (1997). "Due process requires a prosecutor to adhere to the terms of the agreement." *Sledge*, 133 Wn.2d at 839. But the State is not required to perform under the plea agreement if the defendant breaches the agreement's terms. *State v. McInally*, 125 Wn. App. 854, 867, 106 P.3d 794 (2005). In determining whether a prosecutor has breached a plea agreement's terms,

3

we review the sentencing record as a whole using an objective standard. *State v. Carreno-Maldonado*, 135 Wn. App. 77, 83, 143 P.3d 343 (2006).

Babbs focuses on the provision in his plea statement that provided that the State could recommend an increased sentence range if he were convicted of any new crimes before sentencing or if any additional criminal history was discovered. He contends that under this provision, the State was not relieved of its obligation to recommend a low sentence because he had not been convicted of any additional crime. Babbs is correct that under that provision alone, the State would not have been relieved of its recommendation obligation based only on the sheriff's report. However, Babbs ignores the provision in the plea expressly stating that the State would be relieved of its recommendation obligation in the event that Babbs violated the conditions of his release, which included not violating any laws.

Moreover, at sentencing, Babbs, through defense counsel, agreed that the State could proceed with changing its recommendation. Counsel noted that she had reviewed the sheriff's incident report and that Babbs wanted to proceed with sentencing at that time. Under the basic principles of contract law, "[t]he right to modify a written contract by a subsequent oral one is unquestioned." *Haley v. Brady*, 17 Wn.2d 775, 788, 137 P.2d 505 (1943). Moreover, an attorney has the authority "[t]o bind his [] client in . . . an action . . . by his [] agreement duly made, or entered upon the minutes of the court." RCW 2.44.010; *see also Graves v. P.J. Taggares Co.*, 94 Wn.2d 298, 303-04, 616 P.2d 1223 (1980); *State v. Peeler*, 7 Wn. App. 270, 274, 499 P.2d 90 (1972). On this record, the trial court did not abuse its discretion by finding that the State did not breach the plea agreement based on Babbs's agreement to the State's new recommendation.

4

Babbs also argues that the trial court erred by failing to conduct an evidentiary hearing to establish that Babbs had breached the plea agreement. Babbs likens this case to *State v. Townsend*, 2 Wn. App. 2d 434, 409 P.3d 1094 (2018). There, the trial court found Townsend in violation of his plea agreement based on the fact that he was arrested on new felony allegations prior to sentencing without first holding an evidentiary hearing. *Townsend*, 2 Wn. App. 2d at 437. Division Three of this court held that the State failed to prove that Townsend had waived his evidentiary hearing rights and reversed and remanded for an evidentiary hearing. *Townsend*, 2 Wn App. 2d at 436.

This case is distinguishable from *Townsend*. Although Townsend did not affirmatively request an evidentiary hearing, this court found it significant that he did not say or do anything to suggest that he agreed with the court's procedure and, rather, protested his innocence and argued against the State's contention that he had breached the agreement. *Townsend*, 2 Wn App. 2d at 437. Here, Babbs did not argue against the State's position. Rather, Babbs expressly agreed that the State could proceed with changing its sentencing recommendation. Babbs provides no support for the proposition that an evidentiary hearing is required where none is requested and the parties are in agreement. "'Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.'" *State v. Logan*, 102 Wn. App. 907, 911 n.1, 10 P.3d 504 (2000) (quoting *DeHeer v. Seattle Post-lntelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)).

In conclusion, we hold that the trial court did not abuse its discretion by denying Babbs's CrR 7.8 motion where the record shows that he agreed to the State's new sentencing recommendation.

5

55423-2-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, J.

Cruser, A.C.J.